```
                    UNITED STATES DISTRICT COURT
                         DISTRICT OF NEVADA
                           RENO, NEVADA

ROY DANIEL CLYDE SMITH,          )    3:09-CV-00018-ECR-RAM
                                 )
          Plaintiff,             )    MINUTES OF THE COURT
                                 )
vs.                              )    DATE: March 10, 2009
                                 )
GORDON MATTHEW SUMNER, aka STING;)
KATHRYN SCHENKER; and STEWART    )
COPELAND,                        )
                                 )
          Defendants.            )
                                 )
```

PRESENT:      EDWARD C. REED, JR.                    U. S. DISTRICT JUDGE

Deputy Clerk:    COLLEEN LARSEN         Reporter:      NONE APPEARING

Counsel for Plaintiff(s)                    NONE APPEARING

Counsel for Defendant(s)                    NONE APPEARING

MINUTE ORDER IN CHAMBERS

   Now pending before the Court are several motions.  Plaintiff has filed a "Request to Quash Defendants [sic] Plea for Extended Time and Motion for Declaratory Judgment" (#10).  This motion, such as it is, essentially requests that the Court enter judgment in favor of Plaintiff and award him damages — Plaintiff is seeking $3.5 billion — since Defendants have failed to capitulate to his demands.  This motion is without merit and will therefore be denied.

   Also pending is Defendants' Motion to Dismiss (#11).  Plaintiff has opposed (#15) the Motion to Dismiss (#11), and Defendants have replied (#17).  Further, Plaintiff has filed a "Motion to Amend Summons & Complaint" ("Motion to Amend") (#14).  Defendants have opposed (#16) the Motion to Amend (#14), and Plaintiff has replied (#18).  In their Opposition (#16), Defendants incorporate by reference arguments from their Motion to Dismiss (#11), on the grounds that Plaintiff's proposed First Amended Complaint suffers from the same fatal defects as his initial Complaint.  In addition, Defendants request that the Court impose on Plaintiff sanctions pursuant to Federal Rule of Civil Procedure 11; Defendants argue that Plaintiff has attempted to perpetrate a fraud upon the Court by submitting forged documents as evidence.

Under Federal Rule of Civil Procedure 15(a)(1)(A), a party may amend its pleading once as a matter of course before being served with a responsive pleading. Thus, Plaintiff is entitled to amend his Complaint.

It is apparent, however, that Plaintiff's Amended Complaint is subject to dismissal on any one of a number of bases, including those raised by Defendants in their Motion to Dismiss (#11) and their Opposition (#16). For example, Plaintiff asserts in "Count I" of the Amended Complaint (#14) a claim for "copyright infringement" based on events allegedly occurring on November 7, 1977. The statute of limitations on any such claim would have run long ago. Plaintiff's claims in Count II, regarding an alleged "breach of commercial security agreement and non-payment of true bill" fail to state a claim, given Plaintiff's admission that "I have not at this time placed lien [sic] on Gordon Sumner's properties. I felt that it would be more convenient to take him to court pending the completion of the commercial process . . . ." (Amended Complaint 5 (#14).)

The Court will not impose sanctions pursuant to Rule 11 as Defendants request: Plaintiff is pro se, and moreover his fantastical claims are not necessarily a culpable attempt to perpetrate a fraud upon the Court, even if the documents submitted are not authentic. Sanctions therefore do not seem appropriate at this time.

**IT IS THEREFORE HEREBY ORDERED** that Plaintiff's Motion for Declaratory Judgment (#10) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend (#14) is **GRANTED,** pursuant to Fed. R. Civ. P. 15(a)(1)(A).

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (#11) is **GRANTED** on the following basis: the Motion to Dismiss (#11) will be treated as addressed to Plaintiffs' First Amended Complaint (#14). Though the standard for granting leave to amend is very liberal, it is apparent that granting Plaintiff further leave to amend here would be futile. Thus, Plaintiff's First Amended Complaint (#14) is dismissed, and leave to amend is denied.

The Clerk shall enter judgment accordingly.

LANCE S. WILSON, CLERK

By    /s/  
    Deputy Clerk